UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROOKE CHIASSON | CIVIL ACTION NO. 6:16-cv-01337 |
| VERSUS | JUDGE DOHERTY |
| B. BRAUN MEDICAL INC., ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending is the motion for extension of time to effect service and to stay proceedings (Rec. Doc. 9), which was filed by the plaintiff, Brooke Chiasson. The motion was referred to the undersigned Magistrate Judge for ruling. (Rec. Doc. 13). The motion is opposed, and oral argument was heard on January 24, 2017. For the following reasons, the motion is denied.

### BACKGROUND

This lawsuit originated in the 15th Judicial District Court, Lafayette Parish, Louisiana, and it was removed to this forum by defendant B. Braun Medical Inc. In her petition for damages, the plaintiff alleged that Braun is the manufacturer and distributor of a Perifix FX Springwound Epidural Catheter that was marketed and distributed to Louisiana physicians for use in epidural anesthesia procedures. She further alleged that defendant John Doe was Braun's agent or representative responsible for properly instructing physician users regarding the use of the device and the dangers it posed. The plaintiff alleged that she was a patient at Lafayette

General Medical Center on August 22, 2015 when Dr. Michel E. Heard, Jr. used the device on her in preparation for the vaginal delivery of her child. The plaintiff alleged that Dr. Heard attempted to withdraw the epidural catheter through the epidural needle when the catheter sheered, leaving a portion of the catheter fragment in the epidural space at the L4-5 level of her spine.

The plaintiff asserted a claim against Braun, based on the contention that the catheter was unreasonably dangerous pursuant to Louisiana's products liability statute, La. R.S. 9:2800.51, *et seq*. The plaintiff also asserted a claim against defendant John Doe, contending that her injuries were caused, at least in part, by the negligence of that person, who allegedly failed to adequately or properly instruct physicians such as Dr. Heard in the use of the device and the risks associated with withdrawal of the epidural catheter through the epidural needle. The plaintiff contends that she was injured as a result of the failure of the product and the negligence of John Doe, particularly because she will have to undergo a surgical procedure to remove the catheter fragment from her spine.

In support of the instant motion, the plaintiff explained that a separate medical malpractice action has been filed in Louisiana state court, and she requested that this federal-court action be stayed pending the resolution of the medical review panel

procedure required by Louisiana law. In the motion, the plaintiff also sought additional time in which to identify and serve the John Doe defendant.

## LAW AND ANALYSIS

### A. THE MOTION FOR ADDITIONAL TIME TO IDENTIFY AND SERVE JOHN DOE

The incident sued upon occurred in August 2015, and the plaintiff's petition was filed in Louisiana state court August 2016. In September 2016, the action was removed to federal court. In November 2016, the court issued a notice of intent to dismiss the plaintiff's claims against the John Doe defendant under Local Rule 41.3 for failure to prosecute the claim and gave the plaintiff fourteen days to show good cause for her failure to do so. (Rec. Doc. 8). In response, the plaintiff filed the instant motion seeking additional time to identify and serve John Doe.

In support of her argument that she needs additional time in which to identify and serve the John Doe defendant, the plaintiff did not list any efforts that she has undertaken over the past year and a half to determine John Doe's actual identity. Instead, she argued that coordinated discovery should simultaneously be undertaken in this lawsuit and in the state-court medical malpractice action. The plaintiff argues that not conducting discovery in both actions at the same time would lead to inefficiency and create the potential for inconsistent results. This Court interprets the

plaintiff's argument as alleging that discovery is necessary in order for her to learn John Doe's actual identity.

There is no evidence that the plaintiff has made any effort to identify the John Doe defendant since the incident on which this lawsuit is based. Consequently, this Court concludes that the plaintiff has not shown good cause for her failure to identify and serve that defendant and further concludes that no additional time should be afforded for such efforts. Therefore, with regard to the request for additional time in which to identify and serve the John Doe defendant, the motion is denied.

**B.    THE MOTION FOR STAY**

The plaintiff's motion seeks to have this action stayed pending the formation of a medical review panel as required by Louisiana law and pending the medical review panel's adjudication of the medical malpractice claim initiated by the plaintiff against Dr. Heard in state court. The plaintiff explained that if Dr. Heard were to be named as a defendant in this action following review of the plaintiff's claim against him by the medical review panel, his citizenship would destroy diversity and mandate remand of this action to state court. By seeking to stay this federal-court action, the plaintiff seeks to avoid the existence of two separate claims in two separate forums arising out of the same event.

Braun argues that the resolution of the claim against it does not require the doctor's presence in the suit since the claims are very different and further argues that it should be able to litigate its defenses without having to wait to see if Dr. Heard will or will not be added to this suit.

A district court has broad discretion to stay proceedings and to control its docket in order to promote "economy of time and effort for itself, for counsel, and for litigants."[1] The court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[2] Notwithstanding such broad discretion, a stay must not be "immoderate or of an indefinite duration."[3]

The Louisiana Medical Malpractice Act states that "[n]o action against a health care provider. . . or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."[4] Thus, a plaintiff who files suit against a diverse medical device manufacturer and also seeks to assert claims against a non-diverse health care

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[2] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[3] *McKnight v. Blanchard*, 667 F.2d at 479.

[4] La. R.S. 40:1299.47(B)(1)(a)(i). See, also, *Flagg v. Stryker Corp.*, 819 F.3d 132, 137-38 (5th Cir. 2016).

provider for claims arising from the same events is precluded from naming the health care provider as a defendant until after the medical review panel has issued its expert opinion.

This Court recognizes the practical problems presented by the interplay between the requirement of Louisiana law that a suit against a qualified medical professional not be initiated until the matter has been reviewed by a medical review panel and the parties' rights to select the forum where the suit will be conducted, but this Court must deal with the facts before it and cannot engage in speculation about defendants that may be joined at a later time.[5] Until a medical review panel has issued a ruling, the plaintiffs do not have the right to pursue claims against Dr. Heard. Even after the medical review panel rules, however, there is no guarantee that claims will actually be asserted in this lawsuit against Dr. Heard. If a medical review panel ultimately finds no wrongdoing on his part, the plaintiff might choose not to sue him. If the medical review panel does find wrongdoing on his part, a settlement might be negotiated without further litigation. Therefore, it is purely speculative to assume that Dr. Heard will later be joined as a defendant in this action. If that were to happen, this Court would be required to employ the analysis set forth in *Hensgens v.*

---

[5] See, *Audrisch v. Ethicon*, No. 02–0243–M, 2002 WL 32151749, at *2 (W.D.La. Apr. 11, 2002); *Harris v. Brecher*, No. 06–1678, 2007 WL 1296349, at *2 (W.D.La. Apr. 13, 2007); *McQuiston v. Boston Scientific Corp.*, No. 07–1723, 2008 WL 104210, at *1 (W.D.La. Jan. 9, 2008).

*Deere & Co.*[6] to determine whether the case can remain in federal court or must be remanded to state court. But the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at the current time[7] or to preclude Braun from litigating its defenses by bringing a motion for summary judgment.

The plaintiff relies in large part upon the decision reached in *Hungerford v. Smith & Nephew, Inc.*[8] for the proposition that this action should be stayed pending the resolution of the medical review panel. But the *Hungerford* decision itself noted that similar arguments have resulted in varying outcomes, and it cited several cases in which motions to stay were denied when similar circumstances were presented.[9] The assertion of a negligence claim against the health care provider and the assertion of a products liability claim against a medical device manufacturer has been found a sufficient basis for denying a stay request,[10] and that is the precise nature of the claims asserted in this lawsuit. In other cases, a motion for stay was denied because

---

[6] *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

[7] *Bourne v. Eli Lilly & Company*, No. Civ. A. 05–1212, 2005 WL 2998914, at *2 (W.D.La. Nov. 8, 2005).

[8] *Hungerford v. Smith & Nephew, Inc.*, No. 2:15-cv-2754, 2016 WL 4499461 (W.D. La. Aug. 23, 2016).

[9] *Hungerford v. Smith & Nephew, Inc.*, 2016 WL 4499461, at *2.

[10] *Lillie v. Wyeth-Ayerst Labs.*, No. 94-1744, 1994 WL 532091, at *2 (E.D. La. Sept. 26, 1994).

it would impede a defendant's right to move forward with a motion for summary judgment and save the expense of further litigation.[11] In this case, Braun articulated this same argument and has already filed a motion for summary judgment seeking to have the plaintiff's claims against it dismissed.

Accordingly, in this case, this Court finds that the better course of action would be to deny the plaintiff's request for a stay. Whether an attempt will be made in the future to add Dr. Heard to this lawsuit is purely speculative, and that speculative possibility is an insufficient basis for denying Braun the opportunity to litigate its defenses. Accordingly, to the extent that the plaintiff seeks a stay of this litigation pending the resolution of the medical review panel, the motion is denied.

## CONCLUSION

For the forgoing reasons, the plaintiff's motion for extension of time to effect service and to stay the proceedings (Rec. Doc. 9) is denied.

Signed at Lafayette, Louisiana on this 1st day of February 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11] See, *Bugay v. McCain*, No. 08-1690, 2008 WL 2782869, at *2 (E.D. La. July 15, 2008); *Audrisch v. Ethicon, Inc.*, 2002 WL 32151749, at *2.