UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BROOKE CHIASSON                              CIVIL ACTION NO. 6:16-cv-01337

VERSUS                                       UNASSIGNED DISTRICT JUDGE

B. BRAUN MEDICAL INC.                        MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the motion for summary judgment (Rec. Doc. 17), which was filed on behalf of the defendant, B. Braun Medical, Inc.  The motion is opposed. (Rec. Doc. 21).  The motion was referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied as premature.

## Background

In her complaint, the plaintiff alleged that, on August 22, 2015, she was a patient at Lafayette General Medical Center and underwent an epidural anesthesia procedure in preparation for the birth of a child.  She alleged that Dr. Michel E. Heard, Jr. was the anesthesiologist who performed the procedure and that Dr. Heard administered anesthetic medication through a Perifix FX Springwound Epidural Catheter, which was allegedly manufactured, marketed, and distributed by the

defendant, B. Braun Medical Inc.  The plaintiff further alleged that, during the epidural procedure, Dr. Heard attempted to withdraw the epidural catheter from 5 cm to 4 cm through the Touhy needle, at which time the tip of the catheter sheered, leaving a fragment of the catheter within the epidural space at the L4-5 level of the plaintiff's spine.  The plaintiff will allegedly require surgery to remove the catheter fragment from her spine.

The plaintiff filed suit against Braun in state court, and the action was removed to this forum on the basis that the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold.  The plaintiff's claim against Braun is based on her contention that the catheter was unreasonably dangerous under the Louisiana Products Liability Act ("the LPLA"), La. R.S. 9:2800.51, *et seq*.

## The Contentions of the Parties

In support of its motion, Braun contended that the way Dr. Heard used the catheter – by attempting to withdraw it through the needle – was a misuse of the product, which directly contradicted the unambiguous warning that accompanied the catheter when it was sold to the hospital.  Braun contended that Dr. Heard's use of the catheter consequently was not a reasonably anticipated use of the product and precluded the plaintiff's recovery under the LPLA, since recovery is permissible only when damages arise from a reasonably anticipated use of the product.  Braun

also contended that it had no duty to directly warn the plaintiff of the way the catheter was to be used or to instruct the plaintiff's physician regarding the proper use of the catheter, since Dr. Heard was a learned intermediary and a sophisticated user of the product. Braun further contended that, since Lafayette General also was a sophisticated user of the product, the hospital rather than Braun had a duty to instruct or warn Dr. Heard with regard to the proper use of the product.

In response to Braun's motion, the plaintiff contended that summary judgment should not be entered in favor of Braun because Dr. Heard is not a party to the litigation; consequently, he cannot respond to the motion for summary judgment or explain the actual procedure used during the plaintiff's labor. At the time the plaintiff's opposition brief was filed, a medical review panel proceeding regarding Dr. Heard's role in causing the plaintiff's claimed injuries had not yet been completed;[1] therefore, he could not yet be sued by the plaintiff.

---

[1]     The plaintiff submitted an affidavit to the court on February 13, 2017 – i.e., more than a year ago – stating that the medical review panel regarding the plaintiff's malpractice claim against Dr. Heard was then currently pending. No updated information regarding the status of the medical review panel has been submitted in the succeeding time period, and the plaintiff has not attempted to add Dr. Heard as a plaintiff in this lawsuit.

## Analysis

### A.    The Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[2]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[3]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[4]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to

---

[2]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[3]    *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[4]    *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

demonstrate the existence of a genuine issue of a material fact.[5]  All facts and inferences are construed in the light most favorable to the nonmoving party.[6]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[7]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[8]

**B.     Reasonably Anticipated Use**

The plaintiff's claims arise under the LPLA.  The LPLA provides the exclusive theories of liability under Louisiana law against manufacturers for the damage caused by their products.[9]  To assert a products liability action under the LPLA, a plaintiff must establish four threshold elements:  (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused

---

[5]      *Washburn v. Harvey*, 504 F.3d at 508.

[6]      *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[7]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[8]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005

[9]      La. R.S. 9:2800.52.

by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[10]  A product may be unreasonably dangerous in one of four ways: (1) construction or composition, (2) design, (3) inadequate warning, and (4) failure to conform to an express warranty.[11]  Here, the plaintiffs alleged that the epidural catheter was unreasonably dangerous in all four potential ways:  in design, in construction or composition, for failure to provide an adequate warning, and for failure to conform to the manufacturer's warnings.

Regardless of which unreasonably dangerous theory a plaintiff might pursue, however, a plaintiff must first establish that the product was being used in a reasonably anticipated way when the injury or damage occurred.  A manufacturer is not responsible for every conceivable foreseeable use of a product.[12]  The LPLA defines "reasonably anticipated use" as "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same

---

[10]    *Stahl v. Novartis Pharm. Corp*., 283 F.3d 254, 260-61 (5th Cir. 2002).

[11]    La. R.S. 9:2800.54(B).

[12]    *Kampen v. American Isuzu Motors, Inc*., 157 F.3d 306, 309-10 (5th Cir. 1998).

6

or similar circumstances."[13]  Under the LPLA, "[i]f damages are linked to a product misuse (i.e., one that is not reasonably anticipated), then those damages are not recoverable under the Act."[14]  Critically important to this case is the principle that reasonably anticipated use does not encompass use in direct contravention of a warning when the plaintiff presents no evidence that, despite the warning, the manufacturer should have been aware that persons were using the product in contravention of the warning.[15]

Braun presented evidence that the catheter at issue in this lawsuit is sold with an explicit warning reading as follows:

> CAUTION:  DO NOT WITHDRAW THE CATHETER THROUGH THE NEEDLE DUE TO THE POSSIBILITY OF SHEARING OR KINKING.[16]

In her complaint, the plaintiff alleged that Dr. Heard did exactly what the warning says he should not have done.  She alleged that he "attempted to withdraw the epidural catheter. . . through the Touhy needle. . . ." (Rec. Doc. 1-2 at 3).  Therefore,

---

[13]     La. R.S. 9:2800.53(7).

[14]     *Matthews v. Remington Arms Co., Inc*., 641 F.3d 635, 647 (5th Cir. 2011).

[15]     *Kampen v. American Isuzu Motors, Inc*., 157 F.3d at 314.

[16]     Rec. Doc. 17-2 at 1-2.

a threshold issue to be resolved in this litigation is whether Dr. Heard's use of the product was a reasonably anticipated use.

## C.    How Dr. Heard Used the Product has not Been Established

The precise manner in which Dr. Heard actually used the product during the plaintiff's labor is a critical issue that must be established in order for the court to determine the threshold issue of whether his use of the catheter was a reasonably anticipated use of the product.  Braun argued that the allegation set forth in the plaintiff's complaint should be deemed a judicial admission for that purpose. "Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."[17] "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."[18]    However, a district court is not required to accept all factual statements set forth in a party's pleadings as admissions; instead, the court has

---

[17]      *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *Morales v. Dep't. of Army*, 947 F.2d 766, 769 (5th Cir. 1991); *McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013) ("Factual statements in the pleadings constitute binding judicial admissions"); *Johnson v. Houston's Restaurant, Inc.*, 167 Fed. App'x 393, 395 (5th Cir. 2006).

[18]      *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

discretion to accept or reject the treatment of such statements as judicial admissions of fact.[19]

In response to Braun's motion, the plaintiff offered no evidence that Dr. Heard had not attempted to withdraw the catheter through the needle – and also offered no evidence that Dr. Heard did use the catheter in that way.  However, the plaintiff argued that Braun should not be permitted to rely upon the allegation set forth in the complaint because Dr. Heard is not party to this suit, because Dr. Heard has not "acknowledge[d] that allegation as being an uncontested fact" (Rec. Doc. 21 at 2), and because "that 'fact' [has] not been admitted" (Rec. Doc. 21 at 5).  The plaintiff also argued that "the Court cannot transform allegations made against a nonparty physician into facts that are not in dispute for summary judgment purposes." (Rec. Doc. 21 at 6).  Still, the plaintiff does not – and cannot – argue that this factual allegation was not set forth in the complaint, and the plaintiff presented no evidence suggesting that this is not what Dr. Heard did.

In this case, Braun is asking the Court to rule in its favor on a motion for summary judgment by accepting as true a factual allegation set forth in the plaintiff's complaint that is not supported by any evidence.  Such an allegation is simply that –

---

[19]     *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990).

an allegation and not an established fact. Although the plaintiff did not present evidence in response to Braun's motion showing what Dr. Heard did or did not do doing the epidural procedure, the plaintiff responded to the motion by pointing out that Dr. Heard is not a party to this litigation, is the subject of an ongoing medical review panel proceeding, and has not yet responded to the allegations against him in that proceeding. The plaintiff urged the court not to "transform allegations made against a nonparty physician into fact that are not in dispute" (Rec. Doc. 21 at 6) and to reject Braun's argument that the factual allegations of the complaint constitute judicial admissions.

This Court interprets the plaintiff's response to the motion as a declaration, under Rule 56(d) of the Federal Rules of Civil Procedure, that she cannot present facts essential to justify her position. Non-moving parties requesting Rule 56(d) relief must set forth a plausible basis for believing that specified facts probably exist and indicate how those facts, if adduced, will influence the outcome of the pending motion.[20] Certainly, Dr. Heard's testimony regarding exactly what happened during the epidural procedure is critical to the resolution of both the malpractice action against him and the products liability claim against Braun. While the allegation that

---

[20]    *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

he attempted to withdraw the catheter through the needle was made in both the complaint filed in this suit and also in the complaint filed in the medical review panel proceeding,[21] the allegations in the two complaints are not identical, and there is no reference in either complaint to the source of the factual allegations. No narrative report concerning the anesthesia procedure is cited, no medical record from the hospital is cited, and no testimony from any medical professional is cited by the plaintiff as the basis on which the allegation is grounded. Similarly, there is no indication in the record that any depositions have been taken or that any written discovery has been propounded on any party to the suit – or any nonparty – in an attempt to determine whether there is an evidentiary basis for that allegation or not.

This Court finds that it would be inappropriate at this stage of the litigation to deem it admitted that Dr. Heard attempted to remove the catheter through the needle and therefore declines to consider the allegation set forth in the complaint as a judicial admission. Considering the factual allegations set forth in a complaint as judicial admissions would obviate the need for parties to gather and present evidence. At this stage of the litigation, and with a motion for summary judgment before the court, the evidence presented by the parties is critically important.

---

[21]     A copy of that complaint is in the record at Rec. Doc. 9-2.

Particularly at this stage, the gathering and presentation of evidence should not be short-circuited by the court's accepting mere allegations as established facts. Perhaps more important, there are vehicles available to Braun by which it can seek to have facts established.  Braun can propound interrogatories, requests for the production of documents, or requests for admissions; Braun can take depositions. Accordingly, this Court finds that it would be premature to dismiss this action on the basis of an allegation set forth in the complaint and deemed to be admitted without permitting the parties an opportunity to engage in meaningful discovery.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the motion for summary judgment filed on behalf of the defendant, B. Braun Medical Inc. (Rec. Doc. 17), be denied as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

12

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 14th day of June 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

13